UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

Lester Streeter

Plaintiff,

v.

Niagara County and Niagara County Probation Department,

Defendants.

25 CV 785-V

---

**COMPLAINT**

(42 U.S.C. § 1983 – Civil Rights Action)

---

## I. Jurisdiction and Venue

1. This action is brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this claim occurred in Niagara County, New York.

---

## II. Parties

4. Plaintiff, Lester Streeter , is a resident of Niagara County, New York.

5. Defendant, County of Niagara, is a municipal entity organized under the laws of the State of New York and responsible for the policies, practices, and customs of its agencies.

6. Defendant, Niagara County Probation Department, is an agency of the County responsible for supervising pretrial release and enforcing conditions including GPS monitoring and restrictions on liberty.

## III. Factual Allegations

7. Plaintiff was arrested on July 3, 2025 on misdemeanor charges of criminal contempt in the second degree and criminal trespass in the second degree.

8. On July 4, 2025, Plaintiff was released on GPS home confinement.

9. On July 7, 2025, Plaintiff's case was transferred to Integrated Domestic Violence (IDV) Court, with the first appearance scheduled for July 17, 2025.

10. At the July 17, 2025 hearing, Plaintiff was remanded for alleged daily violations of home confinement when in fact Plaintiff was traveling for work.

11. Bail was set at $50,000 cash / $100,000 bond on each misdemeanor charge, an amount grossly disproportionate to the charges.

12. A bail hearing was held on July, 31,2025 courts denied plaintiffs motion despite mitigating factors. As a result the plaintiff spent 18 days in county jail amounting to de facto detention.

13. On August 4, 2025, Plaintiff posted bond by paying a $12,500 bond premium, securing release.

14. Upon release, Plaintiff was placed on gps home confinement prohibited from leaving home for any reason without prior court approval.

15. On August 13, 2025, Plaintiff was denied permission to attend a verified job interview, a fact confirmed by Probation.

16. On August 14, 2025, the Court slightly loosened restrictions, allowing Plaintiff to attend medical appointments, legal visits, job interviews, and employment only at a fixed single location — but still barring Plaintiff from driving for work or operating his lawful business.

17. Plaintiff has operated a legitimate driving-based business since 2022, averaging approximately $500 per week in income.

18. These restrictions have destroyed Plaintiff's ability to earn income, amounting to an ongoing de facto detention even after posting bond.

19. When Plaintiff questioned these restrictions in open court, the presiding judge stated: "I don't have to answer to you, those are the rules. If you don't want to

follow them, I'll raise bail.

20. Plaintiff's court-appointed counsel has provided ineffective assistance, rarely communicating despite Plaintiff's daily calls, delaying motions, and failing to adopt Plaintiff's pro se filings.

21. Plaintiff is in the process of discharging counsel and proceeding pro se while attempting to raise funds for private representation.

22. Defendants, through their agents and policies, have subjected Plaintiff to unconstitutional conditions of release, depriving Plaintiff of liberty, livelihood, and access to counsel.

## IV. Claims for Relief

## Count I – Excessive Bail / De Facto Detention

23. By setting and enforcing excessive bail and GPS home confinement for non-violent misdemeanors, Defendants violated Plaintiff's rights under the Eighth Amendment and Fourteenth Amendment Due Process Clause.

## Count II – Right to Counsel and Fair Trial

24. By imposing conditions that prevent Plaintiff from effectively meeting with counsel and by failing to accommodate Plaintiff's pro se efforts, Defendants violated Plaintiff's rights under the Sixth and Fourteenth Amendments.

## Count III – Right to Pursue Livelihood

25. By barring Plaintiff from driving base work, operating his lawful driving base business, and denial of a verified job interview. Defendants deprived Plaintiff of the right to work and earn a living, in violation of the Fourteenth Amendment's liberty protections.

## V. Damages

26. As a direct and proximate result of Defendants' actions, Plaintiff has suffered the following damages:

- Eighteen days of wrongful confinement.

- Payment of a $12,500 bond premium.

- Loss of income averaging $500 per week, and future lost earnings.

- Emotional distress, humiliation, and suffering from being confined to home despite posting bond.

- Denial of access to counsel and ability to prepare a defense.

27. Plaintiff seeks compensatory damages exceeding $500,000, including repayment of the $12,500 bond premium, as well as punitive damages against responsible officials to deter future misconduct.

## VI. Relief Requested

WHEREFORE, Plaintiff respectfully requests that this Court:

1. A declaration that Defendants' conduct, including excessive bail, restrictive pretrial conditions, and related actions, violated Plaintiff's rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983.

2. Issue a permanent injunction prohibiting Defendants from continuing to impose unconstitutional bail amounts and unlawful restrictive pre-trial conditions on Plaintiff's liberty and employment.

3. Award compensatory damages exceeding $500,000, including repayment of the $12,500 bond premium.

4. Award punitive damages against Defendants to deter similar unconstitutional conduct in the future.

5. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Lester Streeter

Pro Se Plaintiff